Joseph **KERR**, Plaintiff,

v.

**CLARENCEVILLE SCHOOL DISTRICT
OF OAKLAND AND WAYNE
COUNTIES, Defendant.**

Civ. A. No. 37911.

United States District Court,
E. D. Michigan, S. D.

July 12, 1972.

Richard L. Wolk, Detroit, Mich., for plaintiff.

John F. Shantz, Dell, Shantz, Booker & Schulte, Royal Oak, Mich., for defendant.

## OPINION

RALPH M. FREEMAN, District Judge.

This is an action under 42 U.S.C. § 1983 for damages for alleged wrongful termination of employment in violation of plaintiff's First Amendment rights. Defendant has moved for summary judgment, claiming that plaintiff has failed to exhaust his administrative remedies under the Tenure for Teachers Act, M.S.A. § 15.1971 et seq., M.C.L.A. § 38.71 et seq. Jurisdiction is based upon diversity of citizenship between the parties. The plaintiff is a resident of California; defendant is a school district within the State of Michigan.

During the school year 1968–1969, plaintiff was a probationary teacher with the defendant school system. It was his second year with the school system. The Michigan Act on Tenure for Teachers provides that a teacher shall be on probation for the first two years of his employment with a Michigan school system. M.S.A. § 15.1981, M.C.L.A. § 38.81. Upon satisfactory completion of this probationary period, a teacher is tenured, and cannot be dismissed or demoted except for just cause. M.S.A. § 15.2001, M.C.L.A. § 38.101. A proba-

tionary teacher must be notified 60 days before the close of the school year as to whether or not his work is satisfactory. M.S.A. § 15.1983, M.C.L.A. § 38.83. If a teacher has been on probation for two years, and is not given notice of unsatisfactory work within the 60 days required, he automatically becomes a tenured teacher who cannot be removed without cause.

In the case before this Court, plaintiff was a probationary teacher. Sixty days prior to the end of the school term, April 1, 1969, plaintiff was notified by the Board of Education that he would not be hired for the next year because he had been found by the Board to have rendered unsatisfactory services. The reasons for the Board's decision were given at that time. Thereafter, plaintiff requested permission to appear before the Board, which was granted. No change in the Board's decision resulted from that meeting. Plaintiff was dismissed from his teaching position. Subsequent to his dismissal, plaintiff engaged in no appeals to the Tenure Commission. The filing of this suit was the only other attempt made to challenge the Board's decision.

The crucial fact in the determination of this particular motion is that plaintiff did not appeal the Board's decision to the State Tenure Commission. There is no dispute over this fact. Under these circumstances, summary judgment is appropriate as to the issue of exhaustion of administrative remedies.

■ As stated above, teacher employment in the State of Michigan is governed by the Tenure of Teachers Act, M.S.A. § 15.1971, M.C.L.A. § 38.71. Article II of that Act covers probationary teachers. It provides for the notice that was sent to the plaintiff. The Act further provides, in § 15.1984, M.C.L.A. § 38.84, that "Articles 4, 5 and 6 shall not apply to any teacher deemed to be in a period of probation". These articles apply to tenured teachers. In particular, Article VI covers the rights of a tenured teacher to appeal any decision of a school board to the State Tenure Commission. Since plaintiff was, at the time of his dismissal, in a period of probation, Article VI could not apply to him. Moreover, Article VI itself, in § 15.2021, M.C.L.A. § 38.121, states that "A teacher who *has achieved* tenure status may appeal" to the Tenure Commission. (Emphasis added.) Clearly, plaintiff has never achieved tenure status. Therefore, he had no right or duty to take an appeal from the school board to the State Tenure Commission. He had no administrative remedies which he could exhaust. Therefore, defendant's motion for summary judgment is without merit.

■ A second matter is raised by the defendant in its motion as to the type of relief that plaintiff may claim under the Civil Rights Act. Defendant contends that plaintiff is limited to injunctive relief, and cannot recover damages. However, it is clear from the case law involving the Civil Rights Act that damages are recoverable. In Bell v. Hood, 327 U.S. 678, at p. 684, 66 S.Ct. 773, at p. 777, 90 L.Ed. 939, the Supreme Court said

> [W]here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. And it is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.

Likewise, in Sullivan v. Little Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L. Ed.2d 386 (1969), the Supreme Court found that damages were a proper remedy in a suit under § 1982 of the Civil Rights Act. Moreover, as pointed out in that opinion, § 1988 of the Civil Rights Act provides that the courts shall supply suitable remedies when the provisions of the Civil Rights Act are deficient. That section reads as follows:

> The jurisdiction in civil . . . matters conferred on the district

courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, . . .

The Supreme Court, in *Sullivan*, interpreted this language to mean that both federal and state rules on damages may be utilized to determine the remedy under the Act. Thus, we see no merit in the contention of the defendant that plaintiff cannot maintain a damage action under the Civil Rights Act.

■ Defendant also asserts that plaintiff cannot recover damages from the defendant school district since § 1983 was not meant to hold political subdivisions liable for damages. Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961) the Supreme Court held that municipalities were not liable for damages under the Civil Rights Act. Other courts have applied the *Monroe* holding to political subdivisions including school districts. Thus in Gouge v. Joint School District No. 1, 310 F.Supp. 984 (W.D.Wis.1970), the District Court held that the school district could be sued for injunctive relief but not for damages. The Fourth Circuit has held to the contrary. In Chambers v. Hendersonville City Board of Education, 364 F.2d 189 (4th Cir. 1966) and a line of Fourth Circuit cases thereafter, the court has allowed the school board to be sued for damages without naming individual members. However, the Sixth Circuit has said in Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir. 1967) that the state is not a person within the meaning of § 1983. Since school districts in the State of Michigan are under the control of the state and the State Board of Education (see Michigan Constitution of 1963, Article VIII), they would have the same status as the State. Under these circumstances although plaintiff may be able to sue the officials of the school district under § 1983, he cannot sue the school district itself for any kind of relief under § 1983. Thus, Count II of plaintiff's amended complaint must be dismissed for failure to state a claim for which relief can be granted. However, Count I, which alleges a violation of plaintiff's First Amendment rights remains. Insofar as defendant's motion for summary judgment is directed to this count, it must fail.

An appropriate order may be submitted.