**Wilmer K. CALVIN, Jr., Appellant,**

**v.**

**Roy RUPP, etc., et al., Appellees.**

**No. 72–1009.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1972.

Decided Jan. 8, 1973.

Robert C. Smith, Columbia, Mo., for appellant.

David Collins, Macon, Mo., for appellees.

Before MATTHES, Chief Judge, MEHAFFY, Circuit Judge, and VAN PELT, Senior District Judge.*

MEHAFFY, Circuit Judge.

During the school year 1968–69 Wilmer K. Calvin, Jr., hereinafter referred to as plaintiff, was employed as a high school teacher in the Brookfield, Missouri R–II public school district. On April 1, 1969 plaintiff's notice of reemployment for the school year 1969–70 was revoked. Shortly thereafter plaintiff brought an action in the United States District Court for the Eastern District of Missouri against the school board members, the superintendent of schools and the principal of the school in which plaintiff taught seeking, inter alia, reinstatement in his teaching position. As grounds for such relief plaintiff alleged that his non-reemployment had deprived him of his substantive and procedural due process rights. The district court, with The Honorable John K. Regan presiding, denied plaintiff's claim. Calvin v. Rupp, 334 F.Supp. 358 (E.D.Mo.1971). For the reasons stated below we affirm the judgment of the district court.

The factual background of this case is described in detail in the district court's opinion. We have therefore refrained from discussion of the facts except where they are relevant to our analysis.

There are two distinct issues presented in this appeal. First, we must consider whether or not plaintiff was entitled to some sort of pre-termination proceeding which was not afforded him. Second, we must decide whether or not the defendants' decision not to reemploy plaintiff was based on constitutionally impermissible reasons. In facing these issues we are guided by the recent Supreme Court decisions of Perry v. Sin-

* District of Nebraska, sitting by designation.

dermann, 408 U.S. 593, 92 S.Ct. 2717, 33 L.Ed.2d 581 (1972), and Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

*Procedural Due Process.*

■ As construed in *Perry* and *Roth*, the procedural requirements of the due process clause do not apply to a public school teacher's termination (or non-reemployment) at all unless the termination deprives the teacher of either a property interest or a constitutionally cognizable liberty. Plaintiff claims that the defendants' decision to revoke his notice of reemployment deprived him of both liberty and property as those terms are used in the fourteenth amendment. The liberty which plaintiff claims he has lost is his "freedom to take advantage of other employment opportunities." The property interest allegedly involved is the expectancy of reemployment that arose when plaintiff first received his notice of reemployment. We have concluded that neither of these interests is of a nature that would make the procedural requirements of the due process clause applicable.

■ The freedom to take advantage of other employment opportunities is, of course, an interest that can rise to constitutional proportions. *E. g.*, Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). The only injury plaintiff alleges here, however, is that his record of non-retention will make him less desirable to other potential employers. Even if we assume that plaintiff could have satisfied his burden of proof on this contention in the district court, this fact alone does not establish a right to some form of pre-termination hearing. As Mr. Justice Stewart said in *Roth*,

> "Mere proof, . . . that [a] record of non-retention in one job, taken alone, might make [an individual] somewhat less attractive to some other employers would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of 'liberty.'" 408 U.S. at 574, n. 13, 92 S.Ct. at 2708 n. 13.

The property interest which plaintiff claims makes the procedural requirements of the due process clause applicable is his expectancy of reemployment. The expectancy claimed by plaintiff, however, is clearly not a matter of either actual or de facto tenure rights. There was no teacher tenure law in effect in Missouri in April 1969. Nor was there any informal or de facto system of contractual tenure as was involved in Perry v. Sindermann, *supra. See* 408 U.S. at 599–602, 92 S.Ct. 2717. Plaintiff's employment was clearly on a year-by-year basis. Thus, the only property right plaintiff can establish has to arise out of the fact that he was initially offered reemployment for the school year 1969–70.

The procedure under which plaintiff was initially offered reemployment by the defendant school board was prescribed by Missouri statute.[1] The statu-

---

1. In relevant part, the statute read as follows:

    "168.111. Reemployment of teachers—effect of failure to notify of board's action—teacher to notify of acceptance—termination of contract

    . . . . .

    "3. Each school board having one or more teachers under contract shall notify each teacher in writing concerning his reemployment or lack thereof on or before the fifteenth day of April of the year in which the contract then in force expires. Failure on the part of a board to give the notice constitutes reemployment on the same terms as those provided in the contract of the current fiscal year; and not later than the first day of May of the same year the board shall present to each teacher not so notified a regular contract the same as if the teacher had been regularly reemployed.

    . . . . .

    "5. Any teacher who is informed of reelection by written notice or tender of a contract shall within fifteen days thereafter present to the employing

tory scheme required school boards to notify each teacher in writing by April 15 of their reemployment or non-reemployment for the following school year. The statute also required a teacher to make a written acceptance or rejection of an offer of reemployment within fifteen days of its receipt. Failure by the school board to give the required notice was declared by the statute to be reemployment of the teacher for the following year. Failure by the teacher to respond in writing within fifteen days to an offer was declared to be a rejection of the offer. Plaintiff contends that under the statutory scheme any offer of reemployment was irrevocable for the fifteen day period within which the teacher was required to respond. Since the offer of reemployment was irrevocable, plaintiff argues, the purported revocation by the school board was in reality a termination of his contract, which would require a pre-termination hearing.

■ Plaintiff's argument is based on a faulty premise. Under Missouri law[2] an offer of a bilateral contract is revocable by the offeror until acceptance. E. g., Sokol v. Hill, 310 S.W.2d 19, 20 (Mo.Ct.App.1958). There is nothing in § 168.111 to alter this general rule. The fifteen day period provided by the statute for acceptance was clearly intended for the protection of the school board, not that of the teacher. Indeed, even if we were inclined to construe the statute as plaintiff would have us read it, such a holding would depart so far from the plain language of the statute that a serious question of abstention would be posed. See Perry v. Sindermann, supra, at 603–604, 92 S.Ct. 2717 (concurring opinion of Burger, C. J.).

*Substantive Due Process.*

■ Plaintiff claims that even if he was not entitled to some sort of a pre-termination hearing, the decision of the school board was in fact a constitutionally impermissible retaliation against the exercise of his rights of free speech. While we agree that plaintiff's non-reemployment may not be predicated on his exercise of the right of free speech, see Perry v. Sindermann, supra, at 597–598, 92 S.Ct. 2717, we have concluded that the defendants' actions in no way implicated plaintiff's first amendment rights.

■ Plaintiff points to only two incidents to support his free speech claim. First, he argues that his protection of the high school newspaper from school board censorship angered the defendants and was an important factor in his non-reemployment. We find this argument wholly frivolous. The only dissatisfaction expressed by any of the defendants with the school newspaper was that the variety of subject matter dealt with was not sufficiently broad. There was apparently no criticism of either the form or content of any individual articles. Furthermore, the defendants declined an offer by plaintiff to provide them with a pre-publication copy of each issue for approval. While publication of the newspaper was terminated prematurely, this was an action taken on plaintiff's own initiative, apparently because of his personal difficulties in reconciling the administrative work involved with the school's normal work schedule. In short, we find that plaintiff has failed to demonstrate any free speech issue whatsoever with respect to his supervision of the school newspaper.

---

board a written acceptance or rejection of the employment tendered and failure of a teacher to present the acceptance within such time constitutes a rejection of the board's offer." Mo.Stat.Ann. § 168.111 (Vernon 1965) (repealed by the Missouri Teacher Tenure Act of 1969, [1969] Mo.Acts 275, § 1).

2. The type of property interest that is entitled to the procedural safeguards of the due process clause is, of course, a question of federal law. The nature of the property interest, however, is determined by the applicable state law. See Perry v. Sindermann, supra, at 603–604, 92 S.Ct. 2717 (concurring opinion of Burger, C. J.).

The second aspect of plaintiff's substantive due process claim is his advocacy as a member of the Community Teachers Association of a higher pay scale for teachers. Plaintiff's conduct in advocating a higher pay scale undoubtedly was a legitimate exercise of free speech protected by the first amendment. Furthermore, the position taken by plaintiff on this issue was certainly one which was opposed by most, if not all of the defendants. There is no indication in the record, however, that this stance by plaintiff was related directly or indirectly to his non-reemployment. Instead, the record shows that all of the advocates for a higher pay scale except plaintiff were offered reemployment unconditionally. The record also shows that many of the advocates of the higher pay scale were more active and more prominent in the Association's efforts. Indeed, the record reflects that plaintiff's participation in this debate may not have been known to many of the defendants and that plaintiff was never personally criticized by the defendants for his activity in this regard.

In closing we note that the record generally indicates that plaintiff was a well-trained and apparently capable instructor. However, the record also indicates a history of plaintiff's frequent inability to conform his personal behavior and professional techniques to the somewhat arbitrary schedule and bureaucratic chain of command that is a necessary part of public school administration. The initial offer of reemployment received by plaintiff was made over the objection of plaintiff's immediate supervisor. This offer was revoked only after the defendants learned of yet another serious breach of school board policy. It may well be that the school board's decision not to reemploy plaintiff was hasty or unwise; that is not for us to decide. All we hold is that the school board's decision did not deprive plaintiff of any of his rights under the due process clause of the fourteenth amendment.

The judgment of the district court is affirmed.