Dolores BUHR, Plaintiff,

v.

**BUFFALO SCHOOL DISTRICT NO. 39,**
a public corporation, et al.,
Defendants.

Civ. No. 4853.

United States District Court,
D. North Dakota,
Southeastern Division.

Oct. 19, 1973.

Daniel J. Chapman, Rausch & Chapman, Bismarck, N. D., for plaintiff.

John D. Kelly, Wattam, Vogel, Vogel & Peterson, Fargo, N. D., for defendants.

## MEMORANDUM OF DECISION

BENSON, Chief Judge.

Plaintiff Dolores Buhr was not granted a renewal contract to teach at the Buffalo School. She brings this action against the Defendant School District and the members thereof, individually, for their refusal to issue the renewal contract. Plaintiff alleges her civil rights were violated under color of state law, in violation of 42 U.S.C. § 1983.

## FACTS

Briefly, the facts are as follows:

Plaintiff was employed at the Buffalo School for the 1972–1973 academic year. She had been continuously employed by the Buffalo School District for a period of seven years. On March 13, 1973, the School Board of Defendant School District passed a motion to send plaintiff a letter, indicating a contemplated nonrenewal of her contract. The letter was sent to plaintiff, with no reasons ex-

plaining the action of the School Board. Upon Plaintiff's request, the Board met with Plaintiff and her representative in executive session on March 20. No transcript, minutes, or records were made of this meeting, but the participants did discuss the reasons why the School Board contemplated not renewing the Plaintiff's contract. At a meeting on March 29, the Board determined that it would not renew her contract, and advised Plaintiff of its action by letter. Again, no reasons for its actions were included in the letter. There is no disagreement between the parties as to what the reasons were that were given at the executive session, and this Court finds those reasons relate to the educational process and to the working relationship within the educational institution, and do not amount to a deprivation of Plaintiff's civil rights.

## ISSUES

Plaintiff alleges, in substance:

1. The reasons for termination of employment given to her at the executive session were not substantiated by evidence, and were false and malicious.

2. In being denied the opportunity to confront witnesses making the charges against her, cross-examining them and presenting witnesses in her own behalf, she was denied due process of law.

3. The false and malicious charges have affected her good name and reputation and deprived her of the freedom to take advantage of other employment offers, which represents a loss of liberty without due process.

4. Under the applicable North Dakota statute (§ 15–47–27 North Dakota Century Code), and in the absence of the Defendants' arbitrary and capricious action, her employment would have automatically been renewed, and she has thereby been deprived of property without due process.

Defendant has moved for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure.

## OPINION

■ Initially, it must be noted that a school district is not a "person" within the meaning of 42 U.S.C. § 1983. Kerr v. Clarenceville School District of Oakland and Wayne Counties, 344 F.Supp. 1244 (E.D.Mich.1972). However, the Plaintiff has also named the individual members of the School Board as Defendants.

The North Dakota statute concerning nonrenewal of teacher contracts, N.D.C. C. § 15–47–38 (1967), has been recently construed by the North Dakota Supreme Court in Hennessy v. Grand Forks School District # 1, 206 N.W.2d 876 (N.D.1973). The actions of the defendants in this case were in compliance with the procedures approved in *Hennessy* and outlined as follows:

"Under our law a teacher is not granted tenure rights nor are there any statutes defining standards for re-employment . . . . . Our law leaves the decision of whether to rehire a teacher for the ensuing year entirely to the discretion of the school board. . . . Under this statute, in order not to rehire a teacher, all a school board need do is notify the teacher in writing, between the 15th day of February and the 15th day of April in the school year, of the board's determination not to renew the teacher's contract."

"In 1967 our legislature added the requirements provided by Section 15–47–38, N.D.C.C. . . . This statute . . . adds a requirement preliminary [the executive session] to the non-renewal of a teacher's contract not theretofore provided by statute. . . . *It does not provide for a hearing and clearly does not envision an evidentiary proceeding.* . . .

"Section 15–47–38, N.D.C.C., specifically provides that the meeting shall be an executive session of the board

unless both the school board and the teacher requesting such meeting shall agree that it is open to other persons or the public. This section allows the teacher to be represented at the meeting by a person of her own choosing. . . . The statute contemplates an informal meeting at which the school board 'shall give an explanation and shall discuss * * * its reasons for the contemplated decision'. . . . The statute does not envision a hearing at which witnesses may testify . . . ." at 881, 882.

"*This state has no statute which requires that the school board must have cause to refuse to renew a teacher's contract.*" at 883. (Emphasis added).

There is no factual dispute as to the procedure that was followed in the case before this Court, and it is clear that the requirements of N.D.C.C. § 15–47–38 were met. The question is whether those procedures, as applied to the facts in this case, violated the Plaintiff's due process rights. The Defendants' position is that they did not, and rely on *Hennessy* and Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ *Hennessy* is quite explicit in stating no due process requirements exist under North Dakota State law in contract nonrenewal cases. Plaintiff asserts that § 15–47–38 requires reasons to be given, "and these reasons . . . deprive the plaintiff of liberty as set out in *Roth* if no hearing is provided in connection therewith." This argument relies upon the following language in § 15–47–38(2):

"Such teacher shall be informed in writing that he may request and appear at a meeting to be held by the school board prior to the final decision of such teacher's discharge or failure to renew such teacher's contract. The school board shall give an explanation and shall discuss at such meeting its reasons for the contemplated decision of the board in discharging such

teacher or refusing to renew the teaching contract of the teacher. The meeting shall be an executive session of the board unless both the school board and the teacher requesting such meeting shall agree that it shall be open to other person or the public."

*Roth* held the 14th Amendment does not require an opportunity for a hearing prior to nonrenewal of a non tenured state teacher contract unless the teacher can show that the nonrenewal deprived the teacher of an interest in "liberty" or that the teacher had a "property" interest in continued employment despite the lack of tenure or a formal contract.

In his concurring opinion, Chief Justice Burger emphasized that the court in *Roth* decided that "whether a particular teacher in a particular context has any right to such administrative hearing hinges on a question of state law"., at 604, 92 S.Ct. at 2717.

■ The state law in North Dakota, as interpreted by *Hennessy*, clearly does not require an administrative hearing, but Plaintiff would have this court extend *Hennessy* and *Roth* to hold that once the Plaintiff had requested the executive meeting and the discussion of "reasons", the reasons given assume the posture of "charges", which in turn give rise to a right to an administrative hearing. We base this on Plaintiff's contention that the procedures effectively deprived her of employment opportunities, which is a loss of liberty, and deprived her of the right to continuing employment under the North Dakota statutes, which she contends is a loss of property. The 8th Circuit in Calvin v. Rupp, 471 F.2d 1346 (1973), addressed itself to both of these contentions at 1348:

"The only injury plaintiff alleges here, however, is that his record of nonretention will make him less desirable to other potential employers. Even if we assume that plaintiff could have satisfied his burden of proof on this contention in the district court, this fact alone does not establish a right to some form of pre-termination

hearing. As Mr. Justice Stewart said in *Roth,*

'Mere proof, . . . that [a] record of non-retention in one job, taken alone, might make [an individual] somewhat less attractive to some other employers would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of 'liberty'. 408 U.S. at 574, n. 13, 92 S.Ct. at 2708 n. 13.

The property interest which plaintiff claims makes the procedural requirements of the due process clause applicable is his expectancy of reemployment. The expectancy claimed by plaintiff, however, is clearly not a matter of either actual or de facto tenure rights. There was no teacher tenure law in effect in Missouri in April 1969. Nor was there any informal or de facto system of contractual tenure as was involved in Perry v. Sinderman, [408 U.S. 593, 92 S.Ct. 2717, 33 L.Ed.2d 581] supra. See 408 U.S. at 599–602, 92 S.Ct. 2717. Plaintiff's employment was clearly on a year-by-year basis."

■■ The *Calvin* decision also examined possible substantive due process claims of retaliation against the plaintiff for exercising her constitutionally protected rights of free speech and freedom of association and found no proof thereof. The court found no deprivation of any civil right. Such a finding is a necessary predicate to § 1983 actions. *See* United States v. Cotton Plant School District # 1, 479 F.2d 671 (8th Cir. 1973) (racially discriminatory discharge); Gieringer v. Center School District No. 58, 477 F.2d 1164 (8th Cir. 1973); Dougherty v. Walker, No. 72–1664 (8th Cir., filed on Aug. 20, 1973) (discharges based on constitutionally protected free speech). The reasons for the Board's refusal to renew plaintiff's contract as set forth in her complaint and brief do not fall within *Cotton Plant, Gieringer* and *Dougherty* definitions of deprivation of civil rights.

Plaintiff also relies on Fisher v. Snyder, 476 F.2d 375 (8th Cir. 1973). The *Fisher* case arose in Nebraska and is of no help to the plaintiff, as the Nebraska statute specifically requires, upon request of the teacher, an adversary administrative hearing.

In this case, the teacher did not have tenure, the School Board had the discretion under the law to refuse to renew her contract without cause, but did on request of the teacher meet with the teacher and her representative at an administrative session of the Board, as required by the law, to discuss the reasons for nonrenewal. The reasons given did not give rise to a right to an administrative due process hearing.[1]

On the record, pleadings, and affidavits on file in this case, the Court finds there is no genuine issue as to any material fact. The Court further finds that Plaintiff has failed to prove a deprivation of rights under the due process clause of the 14th Amendment, or a violation of 42 U.S.C. § 1983.

It is ordered that summary judgment be entered for dismissal of the action.

1. Section 15–47–38 N.D.C.C. provides in part ". . . It is the intent of the legislative assembly that in the very sensitive area . . . in decisions not to renew contracts of teachers, that recognition be given by school boards to damage that can result to the professional stature and reputation of such teachers . . . ." The statute then goes on to provide that where the teacher has requested a meeting to discuss the reasons, the meeting be not open to the public unless both the teacher and the board agree to an open meeting. In keeping with the spirit of the North Dakota statute, this Court has refrained from reciting in its opinion the specific reasons given by the board for the nonrenewal of the contract.