Robert HOWELL

v.

WINN PARISH SCHOOL BOARD et al. President.

Civ. A. No. 74-444.

United States District Court, W. D. Louisiana, Alexandria Division.

July 2, 1974.

Bobby L. Culpepper, Holloway, Baker, Culpepper & Brunson, Jonesboro, La., for plaintiff.

Charles B. Bice, Dist. Atty., Kermit M. Simmons, Asst. Dist. Atty., Winnfield, La., for defendants.

NAUMAN S. SCOTT, District Judge:

### RULING

Plaintiff, Robert Howell, brings this civil action seeking declaratory relief, injunctive relief, and other appropriate equitable relief, in connection with his

dismissal as a tenured principal of the Atlanta High School, Winn Parish, Louisiana.

In his complaint, he alleges that defendants, Winn Parish School Board, E. H. Farr, Superintendent, and Tommy Harrel, Sr., President, under color of Louisiana law, subjected him to the deprivation of his rights, privileges and immunities secured by the Constitution and laws of the United States, and that his dismissal was in violation of the Equal Protection and Due Process clauses of the Constitution of the United States.

Defendants have moved to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted, in that:

(1) The School Board is not a "person" as contemplated by the provisions of 42 U.S.C. § 1983;

(2) Articles in the complaint charging that plaintiff's dismissal was based upon his personal conduct and his personal life rather than his professional conduct are conclusionary allegations, unsupported by specific facts showing an intentional and purposeful deprivation of constitutional rights, and are insufficient to constitute a cause of action under the Civil Rights Act; and

(3) The complaint and record of the School Board hearing failed to reflect the denial of equal protection or due process.

## I.

■ It bears little repeating that a School Board is not a person within the meaning of 42 U.S.C. § 1983. City of Kenosha, Wisconsin v. Bruno, 93 S.Ct. 2222, 412 U.S. 507, 37 L.Ed.2d 109 (1973), held that municipal corporations were not "persons" subject to a § 1983 action for equitable relief; other courts have uniformly held, since then, that neither are school boards. Buhr v. Buffalo School District No. 39, 364 F.Supp. 1225 (1973), Campbell v. Slay, Civil Action No. 17,942 (W.D.La.1973).

## II.

■■ A § 1983 action against Harrel and Farr must be predicated on a deprivation of any civil rights. U. S. v. Cotton Plant School District No. 1, 479 F.2d 671 (8th Cir. 1973), Buhr v. Buffalo School District No. 39, supra. The plaintiff herein fails to even allege that which might be construed to constitute a deprivation of a civil right. Conclusionary allegations such as "[P]laintiff believes and on such belief asserts that the sole motive in discharging him was his personal life and activities," without more, do not sufficiently state a cause of action under the Civil Rights Act. Eisman v. Pan American World Airlines, D.C.Pa., 336 F.Supp. 543 (1971).

"Moreover, it is recognized that broad, general and conclusionary allegations, unsupported by specific facts, are insufficient to constitute a cause of action under the Civil Rights Act.

\* \* \* \* \* \*

"It is well established that a civil rights complaint must set forth allegations of facts showing some intentional and purposeful deprivation of constitutional rights." Eisman v. Pan American World Airlines, supra, at 552.

Furthermore, the complaint in itself does not enunciate a charge, and therefore does not raise a cause of action, against Harrel and Farr. There is no activity alleged which constitutes individual action on the part of these defendants. In Abel v. Gousha, 313 F. Supp. 1030 (1970), the court dismissed the § 1983 complaint of a school teacher against the school board members in their individual capacities. The complaint alleged that she was discharged as a result of her engaging in certain demonstrations and said discharge was in violation of her First Amendment Right to freedom of speech.

"Although the members of the School Board are also sued in their individual capacities, the gravamen of the complaint is that they acted improperly

as a corporate body in discharging the plaintiff. No individual action by any member of the board is complained about by the plaintiff. In my opinion, the complaint does not state a cause of action against the individual members of the board, and they are entitled to dismissal as individuals." Abel v. Gousha, *supra,* at 1031.

Not one article in plaintiff's complaint alleges one fact against either defendant Harrel or defendant Farr in his individual capacity which might support any cause of action against them as individuals.

### III.

■ The plaintiff has alleged that the actions of the school board in discharging him without a due process hearing violates his Fifth and Fourteenth Amendment rights. He urged that the Board's failure to secure the compulsory attendance of two witnesses rendered a due process hearing impossible.

In twin landmark decisions, Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S. 593, 33 L.Ed.2d 570, 92 S.Ct. 2694 (1972), the Supreme Court has held that before a State may remove a tenured teacher, that is, a teacher with a property interest in continued employment, it must provide him with notice and hearing that fairly meets concepts of fundamental due process. The Louisiana Teachers' Tenure Law, LSA–R.S. 17:443(a), as amended in 1972, provides:

"A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or of contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the State of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least fifteen days in advance of the date of the hearing, the School Board shall furnish the teacher with a copy of the written charges. The teacher shall have the right to appear before the Board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the Board at the said hearing. Nothing herein shall impair the right of appeal to a court of competent jurisdiction."

Excerpts from the Minutes of the Winn Parish School Board meeting, March 11, 1974, attached to the complaint, and the transcript and exhibits of the administrative hearing before the Board, made part of this record by the plaintiff, reveal that written notice of specific charges was received by plaintiff one month before the April 15 hearing date, well within the fifteen day delay required by Louisiana law. On April 15 a complete hearing was held that took on the proportions of a full-blown trial. Plaintiff was represented by counsel. He was allowed to examine exhibits and documentary evidence. He was allowed and did confront and cross examine adverse witnesses. He was permitted, and chose, to introduce evidence on his own behalf. He was permitted the right to make a record of the proceedings. He chose to have a public rather than a closed hearing, as was his prerogative under LSA–R.S. 17:443(a). The only procedural defect which the plaintiff asserts is the failure of the School Board to obtain, through compulsory process, the presence of two witnesses. Plaintiff proffers no legal support for this assertion other than the bland, conclusionary statement that the failure to obtain compulsory attendance of the witnesses made "a due process hearing impossible". The defendants, in their motion to dismiss, point out that there is no basis in Louisiana law for any of the three defendants herein, or the District Attorney, to issue subpoenas for the attendance of

any witnesses on behalf of the School Board or the teacher at such a hearing. In response to the defendants' motion to dismiss, plaintiff made no attempt to show under what authority such subpoenas might issue, and, in fact, entirely neglected to even mention or dispute the defendants' argument that there was no such authority. We find no support in either Louisiana law, or in the case law, to substantiate a claim that an otherwise due process hearing is laid deficient due to the failure of the School Board or District Attorney to secure, through compulsory process, the attendance of witnesses. Apparently, plaintiff could find no such authority either.

As cited by the plaintiff:

"The substance of due process requires that no instructor who has an expectancy of continued employment be deprived of that expectancy by mere ceremonial compliance with procedural due process." Ferguson v. Thomas, 430 F.2d 852, 857 (5th Cir. 1970).

The record amply shows that there was much more here than a "ceremonial compliance" with procedural due process.

## CONCLUSION

What the plaintiff seeks, we cannot offer. The core of plaintiff's charges comprises an attack on the evidentiary findings of the School Board, and the complaint resounds as an appeal therefrom. Article 35 of his complaint alleges that: "[T]hat the defendant School Board ignored the positive evidence at the administrative hearing in this matter and chose to only believe the testimony of Mr. E. H. Farr, . . . .". Matters such as this are properly heard before a Louisiana State court as provided in LSA–R.S. 17:443(b). Plaintiff has not raised any federal claim sufficient to provide this court with jurisdiction under 28 U.S.C. § 1343 or § 1331. Accordingly, the plaintiff's complaint, as against all defendants, is dismissed in its entirety.