**Jane F. BALMES, Plaintiff,**

v.

**BOARD OF EDUCATION OF the CLEVELAND CITY SCHOOL DISTRICT., et al., Defendants.**

**No. C76–1198.**

United States District Court, N. D. Ohio, E. D.

June 24, 1977.

---

Deborah Purcell Goshien, Cleveland, Ohio, for plaintiff.

Richard J. Dickinson, Asst. Atty. Gen., Columbus, Ohio, for defendant State Bd. of Ed., State of Ohio.

Jerome Leiken, Cleveland, Ohio, for defendant Cleveland Teacher Union Local 279 American Federation of Teachers, AFL–CIO.

Wayne B. Giampietro, Lawrence A. Poltrock, Chicago, Ill., for defendant American Federation of Teachers.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The above-styled case was brought as a class action by the plaintiff to redress sexual and racial discrimination allegedly committed by the defendants, the Cleveland Board of Education, the Ohio State Board of Education, the Cleveland Teachers Union and the American Federation of Teachers, AFL–CIO against white female school teachers employed in the Cleveland school system. The plaintiff has alleged violations of 42 U.S.C. Sections 1981, 1983, and 1985(3), as well as the National Labor Relations Act, 29 U.S.C. Sections 158(b) and 185(a). Presently before the court are various motions submitted by the Cleveland Board and the two union defendants to be dismissed from this suit or to strike portions of the complaint as well as a motion submitted by the plaintiff for conditional class certification.

*Defendants' Motions*

The American Federation of Teachers, AFL–CIO, has moved to be dismissed from this action on the grounds that it is not subject to *in personam* jurisdiction in the state of Ohio. The international union contends by way of affidavit that it has no control over the conduct of the local union and has not engaged in sufficient activity within Ohio to be constitutionally subject to the jurisdiction of this court. The plaintiff states to the contrary that it is her belief that the international union has engaged in union activity in the state of Ohio and that the international is, furthermore, implicated in the discriminatory conduct of the local union by virtue of its substantial control over the local union. The plaintiff, has, moreover, requested that she be allowed to engage in discovery to support her allegations.

Clearly the court cannot find personal jurisdiction over the international union on the basis of the unsupported assertions contained in the plaintiff's affidavit and brief. The court will however, withhold ruling on the defendant's motion and allow the plaintiff to engage in discovery against the defendant for a period of 60 days from the entry of this order to determine facts necessary to establish jurisdiction. Until the court finds jurisdiction, such discovery as the plaintiff may have against this defendant shall be directed toward and limited to matters germane to the determination of

personal jurisdiction. If at the end of 60 days the plaintiff is unable to establish facts supporting jurisdiction, the defendant's motion will be granted.

■ The defendant Cleveland Board of Education contends that the plaintiff has failed to adequately state a claim against it. The defendant correctly noted that the plaintiff cannot pursue a cause of action based upon the National Labor Relations Act, because a board of education is not an "employer" as that term is defined in the Act at 29 U.S.C. Section 152. The defendant Cleveland Board argues further that the plaintiff has no cause of action against the Board under 42 U.S.C. Sections 1981, 1983, or 1985. The Supreme Court has held that a municipal corporation is not a "person" within the meaning of § 1983. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). This exclusion has been widely held to be applicable to school boards, *e.g.*, *Seaman v. Spring Lake Park Independent School District*, 387 F.Supp. 1168 (D.Minn. 1974); *Howell v. Winn Parish School Board*, 377 F.Supp. 816 (W.D.La. 1974); *Patton v. Conrad Area School District*, 388 F.Supp. 410 (D.Del. 1975); *Weathers v. West Yuma County School District*, 387 F.Supp. 552 (D.Colo. 1974). Consequently, the court will follow the holding in *Demkowitz v. Endry*, 411 F.Supp. 1184 (S.D.Ohio 1975) that a school board in Ohio is not a "person" subject to suit under § 1983.

■ The Sixth Circuit has, furthermore, stated that the word "persons" as used in § 1985(3) should be read in light of the same legislative history which underlies § 1983 and, therefore, likewise excludes municipal corporations. *Bosely v. City of Euclid*, 496 F.2d 193 (6th Cir. 1974). Since a school board is not a "person" under § 1983, it is likewise not a person under § 1985(3), *e.g.*, *Weathers v. West Yuma County School District*, 387 F.Supp. 552 (1974); *Scoma v. Chicago Board of Education*, 391 F.Supp. 452 (1974). The court is, therefore constrained to conclude that the plaintiff may not pursue a cause of action based upon § 1983 or § 1985(3) against the Cleveland Board of Education.

■ The plaintiff will, however, be allowed to proceed with her action against the defendant school board under § 1981, but only insofar as she alleges discrimination based upon race. It is well-established that this statute, which gives all persons the same right to make and enforce contracts "as is enjoyed by white citizens", is directed at racial discrimination and does not create a cause of action for discrimination based on sex, *e.g.*, *Runyon v. McCray*, 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Rackin v. University of Pennsylvania*, 386 F.Supp. 992, 1009 (E.D.Pa. 1974); *League of Academic Women v. Regents of the University of California*, 343 F.Supp. 636, 639 (N.D.Cal. 1972). Furthermore, a cause of action commenced in Ohio under § 1981 is limited by a six year statute of limitations. *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520 (6th Cir. 1975). In summary, then, the plaintiff's cause of action against her employer, the Cleveland Board of Education, is limited to acts of racial discrimination proscribed by 28 U.S.C. § 1981 which were committed after November 12, 1970.

■ For the same reasons, the § 1981 complaints against the union defendants shall likewise be limited to claims of racial discrimination occurring after November 12, 1970, though not dismissed in their entirety as requested by the defendants.

■ The defendants have also moved to strike the plaintiff's prayer for compensatory and punitive damages and for attorney's fees. At this early stage of the proceedings, these motions must, however, be denied. The Supreme Court has stated plainly that "an individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." *Johnson v. Railway Express Agency*, 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Though the Supreme Court has also held that attorney's fees are normally unavailable in § 1981 actions in *Runyon v. McCrary*,

427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), it is not appropriate at this time to determine whether an award of attorney fees against any of the defendants might ultimately be merited.

■ The request of the defendant Cleveland Board of Education for a stay of this action pending completion of EEOC procedures initiated by the plaintiff will also be denied. The Supreme Court indicated clearly in *Johnson v. Railway Express Agency, supra,* 421 U.S. at 461, 95 S.Ct. 1716, that Title VII and § 1981 provide separate, independent remedies for employment discrimination which may be pursued concurrently.

*Plaintiff's Motion for Class Certification*

■ The plaintiff has moved for conditional certification of a class consisting of

"white female teachers in the Cleveland Public School System who have been, are, or will be discriminated against on the basis of sex and race in assignment to schools and in initial placement or promotion to supervisory or managerial positions, of which class members who are teachers are, will, or would become union members."

It should be clear from the foregoing analysis, however, that the plaintiff cannot raise a class complaint based upon sexual discrimination against her employer, the Cleveland Board of Education, but can only represent similarly situated teachers who have been subjected to racial discrimination.

The plaintiff seeks certification under Rule 23(b)(2), which is available where

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief.

Though certification under Rule 23(b)(2) is normally appropriate for civil rights actions, even where monetary damages are included in the prayer, this case arises in highly unusual circumstances. This action was filed soon after the decision in *Reed v. Rhodes,* 422 F.Supp. 708 (N.D.Ohio, 1976), in

which the court found the Cleveland School Board guilty of maintaining a segregated school system by, among other things, assigning faculty to schools on the basis of race. The plaintiff's allegations of class-wide racial discrimination appear to be based largely on these findings. She states in Count I of her complaint that

"Plaintiff has been the victim of a conspiracy by all the Defendants to set up, maintain, and control a racially segregated school system whereby students are assigned to schools according to race, and then faculty assignments, promotions, and initial job assignments to supervisory and managerial positions are made on racial composition of the student body . . . ."

The plaintiff argues in her brief that she meets the requirements of Rule 23(b)(2) because "this case is primarily requesting the court for final injunctive relief against the defendant's discriminatory practices, seeking to modify and change the institutional practices so as to end discrimination." The court has, however, already issued a Preliminary Order in *Reed v. Rhodes* which desegregates the entire faculty and staff of the Cleveland public school system. Through this and any subsequent remedial orders which may issue from *Reed v. Rhodes,* the court will assure the elimination of the policies and conditions to which this class complaint is directed. Consequently, it appears to the court that the prospective injunctive relief described by the plaintiff will not be a necessary or appropriate remedy in this case. The court cannot, therefore, conclude that this is an action which involves primarily injunctive relief, as required by Rule 23(b)(2).

The Advisory Committee comments on this Rule note that "the subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." In view of the court's remedial orders and continuing jurisdiction in *Reed v. Rhodes,* it is evident to the court that the relief in this case will relate primarily to monetary damages. The

plaintiff's motion to certify this case as a class action under Rule 23(b)(2) must, accordingly, be denied. Since the plaintiff has not yet requested or briefed certification under Rule 23(b)(3) the court will not at this time rule on the propriety of maintaining this suit as a class action under Rule 23(b)(3).

IT IS SO ORDERED.