Mitchell J. BEVILLE, Plaintiff,

v.

SOUTH DAKOTA BOARD OF REGENTS, Michelle Tapken, William Srstka, Fred Cozad, Howard Levi, Michael Rost, Howard Owens, Dennis McFarland, Individually and in Their Official Capacities as Members of the Board of Regents; Joseph McFadden, Individually and in His Official Capacity as President, University of South Dakota, Richard Butwell, Individually and in his Official Capacity as Vice President, University of South Dakota; and Donald Dahlin, Individually and in his Official Capacity as Chairman, Department of Political Science, University of South Dakota, Defendants.

Civ. No. 85–3052.

United States District Court, D. South Dakota, C.D.

June 8, 1988.

Celia Miner, Brady, Kabeiseman, Reade & Johnson, Yankton, S.D., David J. Figuli, Greeley, Colo., for plaintiff.

Ronald J. Banks, Banks & Johnson, P.C., Rapid City, S.D., Terry N. Prendergast, Boyce, Murphy, McDowell & Greenfield, Sioux Falls, S.D., Robert B. Frieberg, Frieberg, Peterson & Travis, Beresford, S.D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

On November 7, 1986, the defendants in this action filed a motion for summary judgment. In response to this motion, the plaintiff filed a motion under Rule 56(f) of the Federal Rules of Civil Procedure for a continuance to permit further discovery to be had before the Court decided the defendants' motion for summary judgment. The defendants' motion for summary judgment is now ripe for decision. Because the plaintiff has not established that he has been deprived of a right "secured by the Constitution and laws" in relation to his claim of a denial of procedural due process, the Court orders that summary judgment is granted in favor of the defendants on Count I of the Complaint. The action will proceed to trial on Counts II and III of the Complaint.

## I. BACKGROUND

The facts giving rise to this action are set forth in detail in *Beville v. University of South Dakota*, 420 N.W.2d 9, 10–11 (S.D.1988). Briefly, this action involves an applicant who was denied tenure at a state university. On October 15, 1982, the plaintiff, Mitchell J. Beville (Beville), initiated the procedure for the determination of tenure at the University of South Dakota by delivering his tenure file to the Chairman of the Department of Political Science. During the review process, recommendations were made by the members of the Department about whether to grant Beville tenure. Eventually, the Vice President for Academic Affairs recommended to the President of the University that Beville's request for tenure be denied. The President, in turn, did not recommend Beville

for tenure to the Board of Regents. The Board of Regents adopted the President's recommendation and Beville was not granted tenure. After exhausting the remedy of a grievance procedure provided in his employment contract, Beville filed a notice of appeal pursuant to SDCL § 3–18–15.2 with the South Dakota Division of Labor and Management (the Agency) challenging his tenure denial. Beville argued that the provisions of his employment contract relating to tenure review as set forth in the negotiated agreement between the Board of Regents and the Council of Higher Education (COHE) were not followed. The Agency concluded, however, that the Board of Regents did not violate, misinterpret, or inequitably apply the Board of Regents–COHE agreement. The Agency's decision was affirmed on appeal to the circuit court. Recently, the holding of the circuit court was affirmed by the South Dakota Supreme Court. *See Beville v. University of South Dakota*, 420 N.W.2d 9 (1988). While noting that there were procedural irregularities in Beville's tenure review, the South Dakota Supreme Court stated its holding as follows:

> [W]e believe the review process was fair and afforded Beville his due process rights. (footnote omitted) We will not second guess the experienced, professional judgment of the University and Board of Regents when the applicable procedures were substantially complied with and substantial interests of the parties were satisfied.

*Id.* at 14.

## II. DISCUSSION

The plaintiff has brought this action under Title 42 U.S.C. § 1983. A threshold issue in an action under § 1983 is whether the defendant's conduct deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61

L.Ed.2d 433 (1979). Title 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to *the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,* shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (1982) (emphasis added).

*Procedural Due Process*

■ Beville claims that his rights to procedural due process were violated by the defendants. The fourteenth amendment guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const.Amend. XIV. Thus, the issue for determination is whether Beville was deprived of "liberty or property" without due process as a result of the above described tenure determination proceedings.

Courts have uniformly held that a mere expectancy of tenure does not give rise to a property interest. *See Perry v. Sindermann,* 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972) (disagreeing with lower court holding "that a mere subjective 'expectancy' is protected by procedural due process"); *Cusumano v. Ratchford,* 507 F.2d 980, 982 (8th Cir.1974).[1] A protected "property" interest must meet the following criteria:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

The opinion of the United States Supreme Court in *Board of Regents v. Roth* presents facts analogous to the facts under consideration in this action and the reasoning of the Court in *Roth* is dispositive for purposes of deciding this action. *Id.* In that case, an assistant professor of political science hired for one-year terms, Roth, was not rehired at the end of a term. In deciding whether Roth was deprived of an interest in property within the meaning of the fourteenth amendment, the Court recognized that "property" is a broad concept and might arise from "a clearly implied promise of continued employment." *Roth,* 408 U.S. at 571, 577, 92 S.Ct. at 2706, 2709. The Court decided, however, that "the terms of the respondent's appointment secured absolutely no interest in re-employment for the next year." 408 U.S. at 578, 92 S.Ct. at 2710.

In the present action, Beville similarly has not shown that he had a property interest in continued employment. As an associate professor of political science and Director of the Government Research Bureau, Beville was employed under a tenure-track contract for a definite term and was eligible to apply for tenure within a certain period of time. Beville was a member of the COHE bargaining unit and the terms of his employment were clearly set forth in the negotiated agreement between the Board of Regents and the COHE. The Agency correctly states the effect of the negotiated agreement as follows: "Tenure ... is not a protected right. The contract only requires that a unit member be considered for tenure in the sixth year of probationary service. (See Article 11.10)" Thus, as in *Roth,* Beville's employment contract creates no entitlement of tenure or reemployment. Facts tending to show de facto tenure may give rise to a protected property interest. *See Perry v. Sindermann,* 408 U.S. at 599–603, 92 S.Ct. at 2698–2700; *see also Honore v. Douglas,* 833 F.2d 565, 568 (5th Cir.1987) (automatic

---

1. The plaintiff's lack of a "right" to tenure or reemployment is immaterial to his claim of retaliation for exercising free speech rights. *See Perry v. Sindermann,* 408 U.S. at 597–98, 92 S.Ct.

at 2698. Thus, summary judgment cannot be granted on Count III of the Complaint on this ground.

tenure). No such showing, however, has been made in this action.

The plaintiff has also failed to show that he was deprived of any "liberty" interest due to the defendants' actions. Liberty interests protected from infringement without due process by the fourteenth amendment include an individual's right " 'to engage in any of the common occupations of life.' " *Board of Regents v. Roth*, 408 U.S. at 572, 92 S.Ct. at 2707 (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923)). No liberty interests, however, are implicated in this case. As in *Roth*, "there is no suggestion that the State ... imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." 408 U.S. at 573, 92 S.Ct. at 2707. As Beville has raised no facts tending to show a deprivation of either a liberty interest or a property interest that would entitle him to due process protections, summary judgment is ordered in favor of the defendants on Count I of the Complaint.[2]

*Substantive Due Process*

In Count II of the Complaint, Beville claims that the defendants "acted in an arbitrary and capricious manner and abused their discretion in depriving ... [Beville] of his right to a fair and impartial assessment of his tenure application." Beville claims that these actions deprived him of his rights to substantive due process guaranteed by the fourteenth amendment as an additional basis for his action under Title 42 U.S.C. § 1983. In order to prevail on his claim of a denial of substantive due process, the plaintiff must show initially that he has a right to procedural due process or that a specific constitutional right has been infringed by impermissible state action, such as deprivation of freedom of speech, deprivation of freedom of religion, or racial discrimination. *See Buhr v. Buffalo Public School Dist.*, 509 F.2d 1196, 1201–03 (8th Cir.1974). Because Beville is not entitled to procedural due process, as

discussed above, Beville's substantive due process claim must rest on some other federally protected right. Beville has the burden of proof to establish that the defendants' actions in denying him tenure were for an impermissible reason. *See Buhr*, 509 F.2d at 1203 n. 8 (citing *Calvin v. Rupp*, 471 F.2d 1346 (8th Cir.1973)).

■ In Count III of the Complaint, Beville alleges as follows: "Plaintiff alleges on information and belief that Defendants' actions in terminating his employment were taken in retaliation for plaintiff's exercise of free speech in violation of plaintiff's constitutional and civil rights guaranteed by the First Amendment to the Constitution and 42 U.S.C. § 1983." The allegation set forth in Count III may provide the basis for the plaintiff's claim in Count II of a denial of substantive due process as well as being an independent grounds for recovery. As no other federally protected right has been disclosed by the plaintiff, the issue for determination is whether the plaintiff's first amendment claim is precluded by the judgment rendered in the state circuit court, affirming the findings of the Agency in the grievance proceeding.

*Res Judicata*

Section 1738 of Title 28 governs the preclusive effect of state court records and proceedings. *See* 28 U.S.C. § 1738 (1982). Section 1738 provides that records and judicial proceedings of any State "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State." *Id.* Under Title 28 U.S.C. § 1738, state court judgments are to be given claim preclusive and issue preclusive effect in subsequent actions brought under 42 U.S.C. § 1983. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 79, 104 S.Ct. 892, 895, 79 L.Ed.2d 56 (1984) (claim preclusion); *Allen v. McCurry*, 449 U.S. 90, 103–104, 101 S.Ct. 411, 419–420, 66 L.Ed.2d 308 (1980) (issue preclusion). As stated by the

---

**2.** In light of this holding, the Court does not need to reach the issue of whether the grievance hearing satisfied the requirement of due process or the issue of whether the defendants have qualified immunity.

United States Supreme Court in *Allen v. McCurry:* "[N]othing in the language or legislative history of § 1983 proves any congressional intent to deny binding effect to a state-court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby has shown itself willing and able to protect federal rights." 449 U.S. at 103–104, 101 S.Ct. at 419–420. The United States Supreme Court has also decided that preclusive effect should be given to fact-finding by state administrative agencies in § 1983 actions. *See University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 3226–3227, 92 L.Ed.2d 635 (1986). In reaching this result in *University of Tennessee v. Elliott,* the Supreme Court relied on *United States v. Utah Const.* for the requirements for applying res judicata to state agency factfinding. 106 S.Ct. at 3226. The state administrative agency must be "acting in a judicial capacity" and "the parties must have had an adequate opportunity to litigate." *Id.* (quoting *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)). The state's law on res judicata applies. *See* 28 U.S.C. § 1738 (1982); *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985). South Dakota law on res judicata applies in this action.

■ Under South Dakota law, res judicata or claim preclusion operates to bar "relitigation of an *issue actually litigated or which could have been properly raised and determined* in a prior action." *Black Hills Jewelry Mfg. v. Felco Jewel Indus.,* *Inc.,* 336 N.W.2d 153, 157 (S.D.1983); *see also Gottschalk v. South Dakota State Real Estate Comm'n,* 264 N.W.2d 905, 908–09 (S.D.1978). To determine whether a cause of action is the same in a subsequent action courts consider "whether the wrong sought to be redressed is the same in both actions." *Black Hills Jewelry Mfg.,* 336 N.W.2d at 157.

The findings of fact and conclusions of law of the Agency in the present case were appealed by Beville to a state circuit court. The matter was submitted to the circuit court on briefs on October 8, 1986. Beville did not raise any issues relating to his right of free speech on appeal to the circuit court. Previously, on August 5, 1985, the Complaint in this action was filed.

The circuit court utilized the standard of review set forth at SDCL § 1–26–36 to affirm the findings and conclusions of the Agency.[3] Section 1–26–36 authorizes circuit courts to modify administrative findings that are in violation of the Constitution. The Agency's conduct, however, is not relevant in determining whether Agency findings should be given res judicata effect. Thus, the defendant's reliance on section 1–26–36 for the proposition that the circuit court could hear Beville's constitutional claims is misplaced. Under SDCL § 1–26–35, review by the circuit court is limited to the record. Accordingly, Beville could not raise issues on appeal that could not have been heard by the Agency.

The Agency assumed jurisdiction over Beville's grievance pursuant to SDCL § 60–9A–5. A grievance is defined as follows: " 'Grievance,' a complaint by an employee or group of employees based upon

---

**3.** SDCL § 1–26–36 provides:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17.

SDCL § 1–26–36 (1985).

an alleged violation, misinterpretation, or inequitable application of any existing agreements, contracts, ordinances, policies, rules or regulations of the employer, as they apply to the conditions of employment...." SDCL § 60–9A–1(5) (1978). Beville may not have had the opportunity to raise his constitutional claims before the Agency. The Agency's jurisdiction over grievances does not include the jurisdiction to decide federal constitutional issues in the absence of an agreement or contract provision raising constitutional issues which is challenged in a grievance. The defendants point to sections of the Board of Regents–COHE agreement that raise constitutional provisions either expressly or by negative implication.[4] The defendants argue that Beville should have raised his constitutional claims in the grievance hearing before the arbitrator provided for in the COHE agreement by alleging violations of these provisions. In making this argument, however, the defendants seem to be contending that res judicata effect should be given to the recommendation of the arbitrator. Beville may have been able to raise his constitutional claims in his grievance and subsequently these claims might have been heard by the Agency and appealed to the circuit court. Beville's grievance, however, did not challenge the application of contract provisions that would give rise to "a full and fair opportunity to litigate federal claims."[5] *Allen v. McCurry*, 449 U.S. at 103–104, 101 S.Ct. at 419–420. Thus, the findings and conclusions of the Agency cannot be given res judicata effect.

As Beville's claims relating to his first amendment rights are not barred by the doctrine of res judicata, summary judgment cannot be granted on Counts II and III of the Complaint. Beville may be able to show that he was retaliated against for exercising first amendment rights. Accordingly, the action will proceed to trial on the issues of whether Beville engaged in activity protected by the first amendment and whether the protected activity was "a substantial and motivating" factor in the defendants' decision to deny Beville tenure. *See Hamer v. Brown*, 831 F.2d 1398, 1401 (8th Cir.1987). The defendants may then show by a preponderance of the evidence that the same decision would have been reached without consideration of the protected activity. *Id.*

---

4. Defendants cite sections 11 and 14 of the COHE agreement. Section 14 expressly guarantees protection of first amendment rights. Section 11 states that recommendations on tenure shall be "based upon an assessment of the candidate's past contributions and promise of future contributions to the goals and missions of the institution."

5. The Agency states the issue presented in the grievance proceeding as follows: "The issue presented to this Division for determination is whether or not the Respondent violated, misinterpretyed (sic) or inequitably applied certain provisions of a negotiated Agreement concerning tenure review when tenure was denied the Grievant."