**June SKIDMORE, Plaintiff-Appellant,**

v.

**SHAMROCK INDEPENDENT SCHOOL DISTRICT et al., Defendants-Appellees.**

**No. 71–2841.**

United States Court of Appeals, Fifth Circuit.

July 27, 1972.

---

Frank Hill, Harris, Ball, Graham & Hill, Arlington, Tex., for plaintiff-appellant.

Thurman Adkins, Shamrock, Tex., Lane & Douglass, Don R. Lane, Pampa, Tex., for defendants-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Mrs. June Skidmore appeals from the dismissal of her complaint, alleging an abridgment of procedural and substantive due process rights in the non-renewal of her employment as a school teacher. For reasons different from those assigned by the court below, we affirm.

The plaintiff-appellant, Mrs. Skidmore, had been employed as a classroom instructor by the Shamrock Independent School District for 22 successive one-year terms. Without any statement of reasons, she was not offered a 23rd annual contract. Upon Mrs. Skidmore's demand to know why she had not been retained, the School Board agreed to meet with her. Both sides had attorneys present and the secretary for Mrs. Skidmore's attorney recorded the proceedings. This transcript reveals that the individual Board members present spoke of their part in the decision not to rehire her only in vague generalities and expressly refused to divulge whether they had acted on the basis of any specific information of ineptness, inefficiency or wrongdoing on her part.

The opinion of the court below assumed for the purpose of acting on the motion to dismiss, that Mrs. Skidmore had an expectancy of reemployment as that term was used in our opinions in Ferguson v. Thomas, 430 F.2d 852, 855 (5th Cir. 1970), and Lucas v. Chapman, 430 F.2d 945 (5th Cir. 1970). *See also* Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970). The dismissal was based upon the court's determination that the State of Texas provided a review procedure for teachers situated as was Mrs. Skidmore which would comport with constitutional due process requirements, which Mrs. Skidmore had deliberately failed to pursue.

The relevant teacher tenure policy of the Shamrock Independent School District is emphatically precise.

"Tenure: All school employees shall be employed for a school term; . . . ."

Mrs. Skidmore made no assertion whatsoever that she had any legitimate claim of entitlement to job tenure, nor did she allege the existence of rules or understandings promulgated or fostered by state officials which would justify any legitimate claim of entitlement to continued employment. She alleged only a subjective "expectancy" generated by prior periods of employment. Her complaint failed to state a claim upon which relief could be granted. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Since she had no tenure and failed to allege a contractually equivalent expectancy of reemployment, she had the burden not only to initiate review proceedings, but to demonstrate that the School Board's action, or more properly inaction, in failing to rehire her was a violation of a constitutionally protected interest. Sindermann v. Perry, 5th Cir., 430 F.2d 939 at 944.

Affirmed.