Carolyn F. ROBINSON, Plaintiff-Appellant,

v.

JEFFERSON COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.

No. 73–2134

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1973.

Rehearing and Rehearing En Banc
Denied Jan. 10, 1974.

Carolyn F. Robinson, pro se.

Donald B. Sweeney, Jr., Maurice F. Bishop, Birmingham, Ala., for defendants-appellees.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

WISDOM, Circuit Judge:

This is a § 1983 suit concerning the refusal of school board to renew the contract of a non-tenured teacher. The plaintiff-appellant, Ms. Carolyn Robinson, alleged that the defendant Jefferson County Board of Education's refusal to renew her contract was unconstitutional because it (1) denied her a right to a hearing under the fourteenth amendment and (2) was taken in retaliation for her exercise of protected first amendment rights. The district court granted the defendants' motion for summary judgment on the first of these claims, and a nonjury trial was held on the second. After that trial, the district judge found that the Board's action was taken for constitutionally permissible reasons. We affirm.

The plaintiff's argument that she was entitled to a hearing is without merit. The plaintiff was a non-tenured teacher in her first year of teaching. Under Alabama law, she did not have a right to be re-employed absent sufficient cause to refuse re-employment. See State v. Board of Education of Fair-

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

field, 1949, 252 Ala. 254, 40 So.2d 689.[1] She therefore did not have a constitutionally protected "property interest" in continued employment, and the Board was empowered to refuse re-employment without a hearing. Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L. Ed.2d 570; Skidmore v. Shamrock Independent School District, 5 Cir. 1972, 464 F.2d 605. And, although the Board's action might affect Ms. Robinson's ability to find other work, the effect was not so great as to constitute a deprivation of "liberty" within the meaning of the due process clause. See *Roth,* 408 U.S. at 574, 92 S.Ct. 2701; Calvin v. Rupp, 8 Cir. 1973, 471 F.2d 1346. Summary judgment on the plaintiff's procedural due process claims was therefore proper.

■ The notice of dismissal given the plaintiff assigned three reasons for her dismissal: (1) her use of profanity in class; (2) her inefficiency and incompetency in the discharge of her daily duties; and (3) her inability to relate to ninth grade students. The plaintiff alleges that the primary reason for the dismissal was that the principal of the school, joined as a defendant in this case, did not like her, and would not accept her ideas about teaching. She also alleges that the decision not to rehire

her was in retaliation for expressive behavior protected by the first amendment; for example, the grades she gave and the way she arranged the furniture in the classroom. The trial court found that the plaintiff was in fact dismissed because of her general ineffectiveness as a teacher. Upon a review of the record, we are unable to say that that finding was clearly erroneous.

In light of our holding, we deem it appropriate to make a few observations about the relatively unusual character of this case. The plaintiff appears in this court *pro se,* and she prosecuted her entire case below, through a substantial trial, in her own behalf. The appellant's briefs reveal an understanding of the law and an ability to make legal arguments rare in a layman. Apparently her performance in the trial court was equally impressive: the trial judge stated that he had "never had a case in which anybody has represented himself before in which the party doing so has operated as effectively as has the plaintiff in this case." Her performance led him to suggest that she might prefer the practice of law to returning to teaching. Ms. Robinson's performance as her own counsel leaves no doubt that she is an extraordinarily capable woman. In view of this, the record in this case is a troubling one. It describes the diffi-

---

1. The appellant makes a two-step argument that § 86 of the Alabama Code, Code of Ala. Tit. 52, § 86 (1958), and her contract of employment with the Board create a "property" interest within the meaning of *Roth* and *Sindermann.* She contends (1) that each creates a requirement that a dismissal of a non-tenured teacher be made only after a determination that one of a number of specified causes exists; and (2) that this requirement in turns creates the kind of objective basis for an "expectation" of continued employment necessary under *Roth* and *Sindermann,* see *Roth,* 408 U.S. at 577–578, 92 S.Ct. 2701; *Sindermann,* 408 U.S. at 600–601, 92 S.Ct. 2694, for a "property" interest to exist. We think the first step of this argument makes too much of the contract and of § 86.

The contract states that the contracting teacher, if non-tenured, may be dismissed "for incompetency, insubordination, neglect of duty, immorality, justifiable decrease of the number

of teaching positions, or other good and just cause". This language scarcely creates the necessary requirement that cause be determined by an impartial body. Section 86 states that non-tenured teachers may be dismissed "for immorality, misconduct in office, insubordination, or incompetency or wilful neglect of duty, or whenever, *in the opinion of the board,* the best interests of the schools require it". (Emphasis supplied.) This language indicates that the determination whether a basis for dismissal exists remains within the reasonable exercise of discretion by the school boards. Indeed, it might be said that a school board would be derelict in its duty if it attempted to delegate to others its responsibility for determining the basis for a teacher's dismissal. In such a situation the safeguard is the court's obligation to protect the individual against arbitrary and capricious action by a school board.

culties of an intelligent woman in her first year of teaching, whose ideas differed from those of her superiors in the school organization. We should have hoped that the principal of the school and school board officials and Ms. Robinson, a highly capable woman, could have found some amicable way to communicate and to work out their differences. But whatever may be said of this unhappy breakdown in communications and its cause, the County Board of Education did not violate the plaintiff's constitutional rights. That is all this Court holds.

Affirmed.