Witness:
    VIRGINIA BERINGER.

Harold F. JOHNSON

v.

Dr. T. M. HARVEY, President, Henderson County Junior College, et al.

No. TY–74–179–CA.

United States District Court,
E. D. Texas,
Tyler Division.

Oct. 17, 1974.

employment at the College and should have been afforded a hearing which complied with the Fourteenth Amendment.

The defendants deny that they violated plaintiff's due process rights. They allege that the plaintiff had no expectancy of reemployment with the College, that his suspension on May 7, 1973, was in accordance with his contract, and that he was fully paid until the end of his contract term. Further, they contend that the plaintiff was given notice of the reasons for his nonrenewal and termination, that he was given a hearing and an opportunity to participate in another hearing and he declined the offer.

After the commencement of the hearing on the preliminary injunction on September 3, 1974, the Court ordered the trial of the action on the merits to be advanced and consolidated with the hearing on the application. After considering all the evidence in the case, the Court finds the facts and states the conclusions of law as follows:

Henry T. Skelton, Athens, Tex., and Edward B. Cloutman, III, Dallas, Tex., for plaintiff.

Jack Y. Hardee, Fields, Fields & Hardee, Athens, Tex., and Richard Brooks Hardee, Tyler, Tex., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

STEGER, District Judge.

### Statement of the Case

The plaintiff brings this suit seeking preliminary and permanent injunctive relief, a declaratory judgment and monetary damages. He alleges that the termination of his employment and his contract rights on May 7, 1973, without prior notice and hearing, violated the due process clause of the Fourteenth Amendment. The plaintiff claims that he had a renewal expectancy in continued

### FINDINGS OF FACT

1. The plaintiff, Harold F. Johnson, is a citizen of the State of Texas.

2. Defendant, T. M. Harvey, is the President of Henderson County Junior College and a citizen of Texas.

3. Defendants, Andrew Gibbs, J. C. Hicks, Pete Dodsen, C. A. Perkins, George Bickner, Jr., James D. Bennett, Elmo Holmes, Scott Cawthon and Cecil Talbert, are citizens of Texas and are members of the Board of Trustees of Henderson County Junior College (hereinafter referred to as "the College").

4. The plaintiff, Harold F. Johnson, was employed by the College as an auto mechanics instructor for the 1971–1972 school year (August 30, 1971 to May 18, 1972). He was reemployed for the 1972–1973 school year (August 31, 1972 to May 17, 1973). As part of both contracts, it was provided that a teacher could be released at any time for any of a number of reasons, including ineffi-

ciency or incompetency in the performance of duty, failing to comply with official directives, or teaching assignments, and doing any act or having a habit which would render him ineffective as a teacher.

5. On or about March 5, 1973, Dean J. B. Simmons informed Mr. Johnson that he would recommend to the Board that his contract not be renewed for the 1973–1974 school year. Dean Simmons could not recommend him for a new contract because Mr. Johnson failed to follow orders concerning tool security and curriculum as outlined in his October 26, 1972 memorandum to the auto mechanics teachers.

6. On March 12, 1973, the Board met to consider the teaching contracts for the 1973–1974 school year. Mr. Johnson received notice of the meeting and the subject that would be discussed prior to March 12, 1973, through the faculty school letter. He did not request permission to speak at this meeting on the nonrenewal of his contract. At this meeting the Board voted not to renew his contract.

7. On March 15, 1973, Dr. T. M. Harvey sent the plaintiff a letter outlining the reasons for the nonrenewal of his contract. They were: (1) Failure to comply with official directives; (2) failure to follow prescribed curriculum; and (3) his refusal to take necessary action to see that proper use and security of the tools were maintained. Dr. Harvey further informed the plaintiff that even though he had no official tenure at the College, he was welcome to appear before the Board at its April 16, 1973 meeting.

8. At the April 16, 1973 meeting, the Board went into executive session and gave Mr. Johnson a hearing on the nonrenewal of his contract.

9. At this hearing the Board gave the plaintiff sufficient time to present his side of the matter. At the conclusion, after some 1½ hours, Mr. Johnson was asked if he wanted to question the Board members or anyone else and he declined. The Board did not deny the plaintiff the right to call any witnesses or have an attorney present at the hearing.

10. After the Board went back into regular session, it was announced that no action would be taken on the matter of the plaintiff's contract.

11. On May 7, 1973, Dr. Harvey sent the plaintiff a letter requesting that he terminate his services immediately. The plaintiff was terminated for the following reasons: (1) Failure to cooperate with the administration of the College resulting in student strife; (2) prominent display of pornographic material in view of the students; and (3) failure to cooperate with the security staff in seeking out those who were stealing tools. The plaintiff was paid in full for the remainder of his contract.

12. Mr. Johnson left the College as a teacher the morning of May 7, 1973.

13. During the latter part of May, 1973, the attorney for the College, Edward T. Reichelt, telephoned the plaintiff's attorney, Glen M. Wilkerson, and offered a hearing before the Board of Trustees on Mr. Johnson's termination.

14. After conferring with Mr. Johnson and with his concurrence, Mr. Wilkerson on June 14, 1973, wrote a letter to Mr. Reichelt declining any further hearings before the Board.

15. Thereafter, Mr. Johnson attended the College as a student for the 1973–1974 school year.

CONCLUSIONS OF LAW

1. This Court has jurisdiction of this cause of action.

2. The plaintiff was a nontenured teacher at the College and therefore he did not have a constitutionally protected "property interest" in continued employment. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Collins v. Wolfson, 498 F.2d 1100 (5th Cir. 1974); Robinson v. Jefferson County Board of Education, 485 F.2d 1381 (5th Cir. 1973).

3. The plaintiff had no expectancy of reemployment, and there were no

representations made by the College or its officials that would lead Mr. Johnson to expect that he would be reemployed. See McDowell v. State of Texas, 465 F.2d 1342 (5th Cir. 1971).

4. The nonrenewal of the plaintiff's contract and his termination were not taken in retaliation for the plaintiff's exercise of any constitutionally protected rights, and no such assertion has been made by the plaintiff herein.

 5. There was no evidence presented demonstrating that Mr. Johnson's ability to find work was impaired by the nonrenewal and termination of his contract, and if there was some evidence, it was not so great as to constitute a deprivation of "liberty" within the meaning of the due process clause of the Fourteenth Amendment. *Robinson, supra.*

6. There was no "stigma" or "badge of infamy" in the nonrenewal or in the termination of Mr. Johnson's contract which would seriously damage his standing in the community and which would rise to the level of a deprivation of due process contemplated by the Supreme Court in Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

7. Considering the foregoing, the plaintiff was not entitled to a hearing prior to the nonrenewal and the termination of his contract. The plaintiff was terminated and his contract was not renewed for lawful reasons reasonably related to the operation of the College.

8. Although the Board was not required to give the plaintiff a hearing on the nonrenewal of his contract, it did so. Considering all the surrounding circumstances, the Court finds that this hearing comported with minimal due process.

9. Even if the plaintiff had a right to a hearing on the termination of his contract on May 7, 1973, he waived this right through the letter sent by his attorney to the attorney for the College. The hearing offered by Mr. Reichelt is presumed to be fair and comply with due process. The offer did not set forth procedural details which would have precluded compliance with due process. In this situation, it was incumbent upon the plaintiff to ask for any additional safeguards that he desired. Suckle v. Madison General Hospital, 499 F.2d 1364 (7th Cir. 1974).

10. The defendants did not violate plaintiff's substantive or procedural due process rights as secured by the Fourteenth Amendment to the Constitution of the United States. Nor did they deprive him of any property right. It follows that the plaintiff is not entitled to a declaratory judgment, a preliminary or permanent injunction or monetary damages. The plaintiff's Complaint will be dismissed for failure to state a valid claim for relief.

11. Any finding of fact heretofore made which constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law hereby adopted which is a finding of fact is hereby adopted as a finding of fact.

Judgment will be entered in accordance with the findings of the Court herein.