**Betty LaBORDE, Plaintiff-Appellant,**

**v.**

**FRANKLIN PARISH SCHOOL BOARD et al., Defendants-Appellees.**

**No. 74–3577**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 27, 1975.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

Stephen J. Katz, Monroe, La., George M. Strickler, Jr., New Orleans, La., for plaintiff-appellant.

Donald K. Carroll, Dist. Atty., 5th Jud. District Crt., Oak Grove, La., S. E. Lee, Jr., Winnsboro, La., for defendants-appellees.

Before WISDOM, BELL and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Mrs. Betty LaBorde sought relief for alleged violation of her Fifth and Fourteenth Amendment rights when the Franklin Parish School Board failed to give her a hearing prior to determining not to renew her teaching contract.[1] The school board's motion for summary judgment was granted. We affirm.

The uncontradicted facts in the record upon which summary judgment was based disclose that Mrs. LaBorde completed three years of teaching Home Economics at Winnsboro Junior High at the end of May 1973. On April 24, 1973 in a meeting with the assistant superintendent and her school principal, the assistant superintendent told Mrs. LaBorde that he felt he would be able to recommend her for tenure. On May 25, 1973, prior to the end of the school year, the superintendent of schools notified Mrs. LaBorde that she would not be recommended for tenure. Counsel thereupon requested a hearing before the school board, but this hearing was not granted. On June 5, 1973, after the end of the 1973 school year, the board formalized its decision not to renew her contract. The entry on the board's minutes merely stated that upon the recommendation of the superintendent, Mrs. LaBorde's contract was not to be renewed. The fact that her contract had not been renewed was mentioned in the course of an article published in the parish newspaper, along with its report of other school board actions taken at the same session.[2]

---

1. Mrs. LaBorde brought her action for declaratory relief, an injunction and other equitable relief under 28 U.S.C. §§ 2201–2202, 42 U.S.C. §§ 1981–1985 and the Fifth and Fourteenth Amendments to the Constitution of the United States.

2. The article contained only this one-sentence reference to Mrs. LaBorde: "The contract of

In a letter dated June 6, the superintendent notified Mrs. LaBorde of the board's action and of the time and place of the next regular meeting of the school board.[3]

On this appeal Mrs. LaBorde claims her right to a hearing finds four bases: (1) she had in fact acquired the third year of teaching necessary for tenure under Louisiana law before the board notified her of her termination, thus she was tenured in law and had a statutory right to notice and a hearing before termination; (2) the fact of her termination put her reputation and good name in danger and foreclosed other employment opportunities, thus giving her a right to a hearing under the principles of *Roth;*[4] (3) the fact that she had taught three years and had been told by the assistant superintendent that she would be continued gave her an expectancy of reemployment and thus a right to a hearing under *Sindermann;*[5] and (4) the superintendent's notice of her nonrenewal indicated the date of the board's next meeting and thus impliedly offered a hearing.

Mrs. LaBorde denies that she admitted a non-tenured status in the district court. She contends that she was in fact tenured under Louisiana law, because she received no notice from the school board prior to the end of her probationary period.[6] While a literal reading of Louisiana's statute might lend some credence to Mrs. LaBorde's position, the Louisiana Supreme Court has interpreted the act to mean that the school board has a reasonable time within which to act after the expiration of a teacher's probationary term. *See* State ex rel. Piper v. E. Baton Rouge Parish School Board, 213 La. 885, 35 So.2d 804 (1948). The time of notice here was much more prompt than that involved in *Piper.* Under Louisiana law, her claim to legal tenure is unfounded.

Mrs. LaBorde's claim of right to a hearing because her termination damaged her reputation and good name and foreclosed other employment opportunities is similarly untenable. Her affidavit in support of her motion for summary judgment was devoted almost entirely to

Mrs. Betty LaBorde of Winnsboro Junior High School was not renewed."

3. The reasons for Mrs. LaBorde's nonretention were set out in the affidavit of the superintendent made in this litigation, as follows:
    1. Use of language unbecoming a teacher in the classrooms;
    2. Refusal or inability to [carry] out direct instructions of the Principal and the Superintendent;
    3. Reporting late for the beginning of the school day;
    4. Unsatisfactory control of students within her classes;
    5. Uncooperative attitude toward the Principal of the school;
    6. Improper supervision and planning for F.H.A. elections; and
    7. Use of harsh discipline against girls in the Junior High School.

4. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

5. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

6. The Louisiana State Tenure law is contained in LSA–R.S. 17:441–17:463, LSA–R.S. 17:442, and provides:

Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.

Any teacher found unsatisfactory by the parish or city school board, as the case may be, at the expiration of said probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification such probationary teacher shall automatically become a regular and permanent teacher in the employ of the school board of the parish or city, as the case may be, in which he has successfully served his three year probationary term; all teachers in the employ of any parish or city school board as of July 31, 1946 who hold proper certificates and who have served satisfactorily as teachers in that parish or city for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the school board of that parish or city.

proof of her efficiency and proficiency as a teacher of Home Economics. In its concluding paragraph, she asserts that the unfounded reasons given for her dismissal have caused her great embarrassment in the community, and the nonrenewal of her contract has damaged her standing and reputation in the small parish in which she taught. She further avers that the people of the parish realize that the school board rarely fails to renew the contract of a teacher who has taught for three years, that she personally knows of no other case similar to hers, and that this action has cast aspersions upon her.

The board meets Mrs. LaBorde's affidavit with sworn statements from the superintendent, the assistant superintendent and Mrs. LaBorde's principal. The superintendent stated that all of his actions and those by the board were taken with maximum circumspection to Mrs. LaBorde's rights of privacy. He communicated only to her and submitted his recommendations only to the board. No other school system was contacted or notified in any way. His office has received no inquiries pertaining to Mrs. LaBorde of either a personal or professional nature. The principal of the school in which Mrs. LaBorde taught asserts that while he was present in April when the assistant superintendent told Mrs. LaBorde he planned to recommend her for tenure, that he has never given her such advice and that he did, in fact, recommend in a written report to the superintendent that she not be retained for further teaching duties.

The underlying and uncontroverted facts disclose that the school board did not make any charge against Mrs. LaBorde of a nature calculated to damage her standing or reputation in the community. No "liberty" right she possessed was infringed. She was not charged with dishonesty or immorality, nor did the school board impose on her any stigma or disability that foreclosed her freedom to take advantage of other employment opportunities. She was a probationary teacher, and the reasons which the school board gave her for terminating her contract were no more than the reflection of dissatisfaction with her teaching methods and classroom conduct. None of the charges were made public by school officials. The brief mention in the local paper that her contract had not been renewed did not impugn Mrs. LaBorde's good name, honor or integrity. Under *Roth's* standards, her "liberty" claim was properly denied.

Mrs. LaBorde's claim that she had acquired a protectable property interest in future employment is equally insubstantial. Her reliance upon the interim statement of the assistant superintendent is completely unfounded in view of the uncontradicted actions of his superior. An expectancy of reemployment, as that term is used in both *Roth* and *Sindermann*, connotes more than a personal feeling on the part of the teacher. The mere fact that the school board may not have exercised its prerogative to terminate other teachers at the end of their third teaching year does not negate their right under Louisiana law to follow that practice. Mrs. LaBorde's proof was totally insufficient to establish a legal expectancy of reemployment that mandated a hearing.

Mrs. LaBorde's claim that the superintendent's notice, by indicating the date and place of the board's next meeting, impliedly offered her a hearing which must be accorded, is frivolous.

In Robinson v. Jefferson County Board of Education, 485 F.2d 1381 (5th Cir. 1973), this court determined that summary judgment was proper in respect to a fact situation generally similar to the case at bar. After carefully examining the record and the appellant's contentions here, we reach that same conclusion. The summary judgment appealed from is

Affirmed.