EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves the discharge during the school term of a nontenured teacher, who presently seeks an award of his unpaid salary for the remainder of the school year.
On September 22, 1978, which was more than two weeks after the commencement of the 1978-79 school term, the teacher, who held an Ed.D. degree, began teaching a combined first and second grade class at a school under the administration of the Mobile County Board of School Commissioners (board). A few days later, a written contract was forwarded to the teacher, who signed it and returned it. Thereunder, his *365 employment was for no designated length of time, with the critical contract term now under controversy providing, “Your responsibilities will begin September 22, 1978 and subject to immediate termination upon notice . . .
This type of teacher contract was locally known as an interim contract and had been used for about four years in approximately one thousand instances, some of which being utilized to hire regular teachers who were employed after the beginning of a school term. This particular kind of interim contract was used to give the superintendent’s staff more flexibility in filling vacancies and transfers and also to establish a probationary period during which a new teacher, who, of necessity, might have been hastily employed without time or opportunity for prior evaluation, could be summarily terminated upon notice should his employment not prove satisfactory.
Soon after he commenced teaching, his performance in many particulars did not meet the expectations of his principal or of the elementary supervisor. By letter dated November 28, 1978, from the Assistant Superintendent for Personnel, he was notified of his immediate release from the interim contract. The letter followed several sessions of counseling and two interviews. We are not here concerned with the cause of his discharge, but with the method and right to fire.
On December 22, 1978, the teacher filed this action contesting his dismissal by the assistant superintendent, among other grounds. The board on January 24, 1979, acted to dismiss him and spread that dismissal upon its minutes, which reflect that the recommendations of the superintendent and staff to terminate his interim teaching contract effective November 28, 1978, were approved. The teacher was notified of such board action by letter dated February 2, 1979.
After a non-jury trial, the circuit court held that the teacher “was improperly terminated,” and that he should recover from the board his salary and benefits from September 22,1978, to January 24,1979. Since he was not awarded back salary from January 24, 1979, to the end of that school year, he appeals. We affirm.
The board’s teacher employment contracts are governed by contract law except where the ordinary law of contracts has been altered by a statute or by a constitutional provision. As to a nontenured teacher who is employed by the board for the first time after a school term has started, we find no fault with the interim contract, there being an absence of any statutory or constitutional regulation. The Alabama tenure statutes do not apply to the teacher or the contract in this case. The interim contract in this case is valid upon its face, but we are confronted with the question of whether it was constitutionally applied in this teacher’s discharge from his employment.
The teacher does not complain that he was dismissed for constitutionally impermissible reasons such as an exercise of his first amendment rights. His concern is that he was dismissed in disregard of the fourteenth amendment due process requirements. Upon this main issue, the decision of the circuit court must be upheld upon at least three theories.
(1)
While there are distinguishing factors between a discharge of a nontenured teacher during the scholastic year and the nonre-newal of the contract of a nontenured teacher at the end of the school year, some of the language in the latter type cases has applicability to the former.
An employing board of education may summarily terminate a probationary or nontenured teacher. Foster v. Blount County Board of Education, 340 So.2d 751 (Ala.1976). “The legislative intent of the tenure law is to establish two classes of teachers, those that have earned continuing service status and are thereafter protected by procedural and due process safeguards and those that are probationary and not so protected.” Hammond v. Bailey, Civ. 2424-A (Ala.Civ.App., October 2, 1980).
*366 The plaintiff’s argument that she was entitled to a hearing is without merit. The plaintiff was a non-tenured teacher in her first year of teaching. Under Alabama law, she did not have a right to be re-employed absent sufficient cause to refuse re-employment. See State v. Board of Education of Fairfield, 1949, 252 Ala. 254, 40 So.2d 689. She therefore did not have a constitutionally protected “property interest” in continued employment, and the Board was empowered to refuse re-employment without a hearing. Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; Skidmore v. Shamrock Independent School District, 5 Cir. 1972, 464 F.2d 605. And, although the Board’s action might affect Ms. Robinson’s ability to find other work, the effect was not so great as to constitute a deprivation of “liberty” within the meaning of the due process clause. See Roth, 408 U.S. at 574, 92 S.Ct. 2701 [at 2707]; Calvin v. Rupp, 8 Cir. 1973, 471 F.2d 1346. Summary judgment on the plaintiff’s procedural due process claims was therefore proper.
Robinson v. Jefferson County Board of Education, 485 F.2d 1381 (5th Cir. 1973).
(2)
As previously discussed, the interim contract was valid and the parties were bound by its terms. Under that agreement, this teacher became a teacher at will with no specified term of employment and his services were subject to being terminated by the employing authority during the school term with notice, with or without a hearing or cause, as long as the cause, if any, was not violative of constitutional rights. Blount County Board of Education, supra.
(3)
If the interim contract is totally ignored, his employment was legally terminated by the board on January 24, 1979, for the board’s decision did not deprive him of an interest in “liberty” or of a “property” interest in continued employment. Robinson, supra.
The trial court’s finding that the teacher had been initially improperly terminated by the superintendent and the judgment grant of salary and entitlements to January 24, 1979, in effect, was a finding that only the board could terminate the employment contract. The trial court, therefore, gave effect to their dismissal action as of the date thereof rather than making it retroactive to November 28, 1978. We find no error in that.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.